NOT DESIGNATED FOR PUBLICATION

Nos. 116,302
116,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO GARCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 14, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Ricardo Garcia appeals the district court's decision revoking his post-imprisonment supervision and ordering him to serve a modified sentence in two separate cases. We granted Garcia's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and agrees that summary disposition is appropriate.

In both 13CR667 and 13CR668, Garcia was convicted of refusing to submit to a blood alcohol test in violation of K.S.A. 2016 Supp. 8-1025. The district court imposed consecutive sentences in each case of 12 months in jail but granted post-imprisonment supervision after the defendant served a term of 92 days.

1

On June 13, 2016, after Garcia stipulated to a third violation of his supervision, the district court revoked Garcia's post-imprisonment supervision and ordered him to serve a modified sentence. The district court reduced the sentence in 13CR668 from 12 months to 6 months, for a controlling sentence in both cases of 18 months. The district court authorized work release in both cases. The district court also found, pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), that an additional intermediate sanction was not required because the safety of the members of the public would be jeopardized or the welfare of the offender would not be served by imposing such a sanction. Garcia timely appealed.

On appeal, Garcia claims that the district court "abused its discretion by refusing to reinstate [his] probation because sanctions and extensions of probation remained viable options." The State asserts that the district court was within its discretion to revoke Garcia's probation and to order him to serve a modified sentence.

Generally, once the State has proven a violation of the conditions of probation, the decision to revoke probation is within the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1175, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Garcia was charged, convicted, and sentenced in each of his cases under the self-contained statute prohibiting a driver from refusing to submit to a blood alcohol test. See K.S.A. 2016 Supp. 8-1025. This statute provides for a mandatory 1-year period of post-imprisonment supervision and provides that violations of the condition of that supervision may subject a person to (1) revocation of supervision and imprisonment in jail for the remainder of the period of imprisonment, (2) revocation of supervision and

2

imprisonment in jail for the remainder of the supervision period, or (3) any combination or portion thereof. See K.S.A. 2016 Supp. 8-1025(b)(3).

Although not noted by either party, the district court is not required to consider intermediate sanctions under K.S.A. 2016 Supp. 22-3716 before revoking an offender's post-imprisonment supervision for refusal to submit to a blood alcohol test. The requirement for a district court to consider intermediate sanctions before revoking a defendant's probation does not apply if the defendant is convicted of a felony specified in K.S.A. 2016 Supp. 21-6804(i), which includes a conviction of refusal to take a blood alcohol test in violation of K.S.A. 2016 Supp. 8-1025. See K.S.A. 2016 Supp. 22-3716(c)(1); 22-3716(b)(3)(B)(iii); 21-6804(i)(1). Thus, we should not need to address whether the district court made particularized findings under K.S.A. 2016 Supp. 22-3716(c)(9) to bypass intermediate sanctions.

Assuming for the sake of argument that the district court was required to make particularized findings before revoking Garcia's probation, and because the district court apparently believed that such findings were necessary, we will analyze the claim on its merits. Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke an offender's probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Here, at the probation revocation hearing, the district court summarized the procedural history of Garcia's case, including his multiple failures on probation. The district court then stated as follows:

"I'm going to go ahead and, pursuant to KSA 22-3716(c)(9), I'm going to make public safety findings and offender welfare findings that a two day, three-day sanction would not be appropriate. Number one, we have, in effect, tried the graduated sanctions and have tried ones that are actually more significant than what the statute applied, so the spirit of the graduated sanctions has been—the whole idea is that you don't just, boom, revoke somebody, you give them alternate samples of what's going to happen, in hopes it will jolt 'em to their seriousness of the situation and that's been complied with.

"Number two, you've got a history of committing crimes when you get to drinking or using drugs and so that raises concerns about public safety and it raises concern about your safety. And specifically, we have this prior DUI, you know, people get maimed and killed as a result of DUI, you know, it's not unusual.

"Three, you know, the Court has exhausted any resources on probation. You know, we even—the residential program, that's the maximum program I have for probation and we tried that. So at this point I'm going to go ahead and, based on those public safety and offender findings—the other thing I do need to say is the factors, your health and your safety, because of you using especially methamphetamine, a lethal, lethal drug, I'm concerned about your health and your life."

After making the above findings, the district court modified the sentence in 13CR668 from 12 months to 6 months, for a controlling sentence in both cases of 18 months. The district court made sufficient findings to revoke Garcia's post-imprisonment supervision without considering additional intermediate sanctions. Garcia had violated the conditions of his supervision on three separate occasions. The district court's decision to revoke Garcia's supervision was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. We conclude the district court did not err in revoking Garcia's post-imprisonment supervision and ordering him to serve a modified sentence.

Affirmed.

4